**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**Leon J. B.,[1]**

                                        **Plaintiff,**                          **19-CV-958Sr**

**v.**

**COMMISSIONER OF SOCIAL SECURITY,**

                                        **Defendant.**

_____

## DECISION AND ORDER

As set forth In the Standing Order of the Court regarding Social Security

Cases subject to the May 21, 2018 Memorandum of Understanding, the parties have

consented to the assignment of this case to the undersigned to conduct all proceedings

in this case, including the entry of final judgment, as set forth in 42 U.S.C. § 405(g).

Dkt. #18.

## BACKGROUND

Plaintiff applied for disability insurance benefits and supplemental security

income ("SSI"), with the Social Security Administration ("SSA"), on March 28, 2016,

alleging disability beginning June 23, 2013, at the age of 49, due to weakness following

a heart attack, pacemaker implant and insertion of stents. Dkt. #8, pp.95, 193 & 222.

_____

[1] As set forth In the Standing Order of the Court filed November 18, 2020, any non-government party in a proceeding pursuant to section 205(g) of the Social Security Act will be identified and referenced solely by first name and last initial.

On August 31, 2018, plaintiff appeared with counsel and testified, along with an impartial vocational expert ("VE"), Dawn Blyth, at an administrative hearing before Administrative Law Judge ("ALJ"), Mary Mattimore. Dkt. #8, pp.61-92. Plaintiff testified that he suffered a heart attack on June 28, 2013 and received a pacemaker in 2015. Dkt. #8, pp.64 & 67. Plaintiff works on a part-time basis as a housing inspector, checking that landlords are maintaining their property and tenants aren't destroying it. Dkt. #8, pp. 71-73. He generally works 3-4 hours a day, three days a week and did not believe he would be able to work more hours even if the funding was available for him to do so because he gets winded easily and doesn't have the energy that he used to have. Dkt. #8, pp.71-73 & 78. He testified that he becomes winded walking 60 yards up the hill from his mailbox. Dkt. #8, p.80. He is able to fish and hunt, but doesn't do these activities as often because it is too much to load all the equipment himself. Dkt. #8, pp.75-76 & 84. He can typically lift 25 pounds and sometimes carries a 50 pound bag of dog food from the car into his home, but such exertion leaves him winded. Dkt. #8, p.81. He needs to take a break after helping his wife carry groceries into the house. Dkt. #8, pp.81-82. Plaintiff recalled changing a tire a couple years prior, which left him feeling pretty tired. Dkt. #8, p.85. Plaintiff has a GED. Dkt. #8, p.70. He denied any trouble concentrating or remembering things. Dkt. #8, p.83.

When asked to assume an individual with plaintiff's age, education and past work experience who could work at the light exertional level, lifting and carrying 10 pounds frequently and 20 pounds occasionally; occasionally climbing stairs and ramps, but never climbing ropes, ladders or scaffolds, and never being exposed to hazardous

machinery, unprotected heights or temperature extremes, the VE clarified that plaintiff was not required to climb in his job as a housing inspector before opining that plaintiff could work as a housing inspector as he performed that job. Dkt. #8, pp.88-89. The VE further testified that plaintiff could work as a sales attendant, cashier and ticket seller, each of which were unskilled, light exertion positions. Dkt. #8, pp.89.

The ALJ rendered a decision that plaintiff was not disabled on October 2, 2018. Dkt. #8, pp.14-24. The Appeals Council denied review on May 22, 2019. Dkt. #8, p.7. Plaintiff commenced this action seeking review of the Commissioner's final decision on July 22, 2019. Dkt. #1.

## DISCUSSION AND ANALYSIS

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 496, 501 (2d Cir. 2009). If the evidence is susceptible to more than one rational interpretation, the Commissioner's determination must be upheld. *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). "Where an administrative decision rests on adequate findings sustained by evidence having rational probative force, the court should not substitute its judgment for that of the Commissioner." *Yancey v. Apfel*, 145 F.3d 106, 111 (2d Cir. 1998).

-3-

To be disabled under the Social Security Act ("SSA"), a claimant must establish an inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 20 C.F.R. § 404.1505(a). The Commissioner must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 404.1520(a). At step one, the claimant must demonstrate that he is not engaging in substantial gainful activity. 20 C.F.R. § 404.1520(b). At step two, the claimant must demonstrate that he has a severe impairment or combination of impairments that limits the claimant's ability to perform physical or mental work-related activities. 20 C.F.R. § 404.1520(c). If the impairment meets or medically equals the criteria of a disabling impairment as set forth in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and satisfies the durational requirement, the claimant is entitled to disability benefits. 20 C.F.R. § 404.1520(d). If the impairment does not meet the criteria of a disabling impairment, the Commissioner considers whether the claimant has sufficient residual functional capacity ("RFC"), for the claimant to return to past relevant work. 20 C.F.R. § 404.1520(e)-(f). If the claimant is unable to return to past relevant work, the burden of proof shifts to the Commissioner to demonstrate that the claimant could perform other jobs which exist in significant numbers in the national economy, based on claimant's age, education and work experience. 20 C.F.R. § 404.1520(g).

In the instant case, the ALJ made the following findings with regard to the five-step sequential evaluation: (1) plaintiff had engaged in substantial gainful activity

subsequent to his alleged disability onset date, but did not engage in substantial gainful activity for a continuous twelve-month period during the pendency of the application and worked below substantial gainful activity levels in 2016 and 2017; (2) plaintiff's status post-heart attack, with pacemaker implanted and insertion of stents, coronary artery disease, hypertension and bradycardia constitute severe impairments; (3) plaintiff's impairments did not meet or equal any listed impairment; (4) plaintiff retained the RFC to perform light work with occasional climbing of stairs and ramps, no climbing of ropes, ladders or scaffolds and no exposure to temperature extremes, hazardous machines or unprotected heights; and (5) plaintiff was capable of performing his past relevant work as a housing inspector and was also capable of working as a sales attendant, cashier and ticket seller, each of which were unskilled, light exertion positions, and was not, therefore, disabled within the meaning of the SSA. Dkt. #8, pp.20-24.

Plaintiff argues that the ALJ improperly relied upon the opinion of consulting examiner Dr. Rosenberg, whose moderate exertion restriction was vague, and improperly substituted her lay opinion in place of NP Pyne's opinion regarding plaintiff's stamina for standing and walking. Dkt. #13-1, pp.7-9.  Plaintiff argues that the ALJ improperly interpreted raw medical data, including complex cardiac testing, in reaching her RFC determination. Dkt. #13-1, pp.8-11.

The Commissioner responds that the ALJ properly weighed the opinions of plaintiff's treating providers and the consulting examiner and properly considered plaintiff's reported activities of daily living to determine that plaintiff retained the RFC to perform light work. Dkt. #16-1, pp.11-18.

The ALJ afforded great weight to the opinion of the consultative examiner, Michael Rosenberg, M.D., who conducted an internal medicine examination of plaintiff on June 6, 2016. Dkt. #8, p.22 & Dkt. #9, p.123. Plaintiff reported to Dr. Rosenberg that he experiences shortness of breath with exertion, but was able to cook, clean, wash laundry, shop, and attend to his personal needs. Dkt. #9, p.124.  In light of his history of shortness of breath exacerbated by exercise, Dr. Rosenberg opined that plaintiff was restricted from activity requiring moderate or great exertion. Dkt. #9, p.126.

While medical opinions need not be reduced to any particular formula, use of the term moderate, without additional information, does not permit a layperson such as an ALJ to make the necessary inference that plaintiff can perform the exertional requirements of light work. *See Moe v. Colvin*, 15-CV-347, 2017 WL 6379239, at *5-6 (W.D.N.Y. Dec. 14, 2017) (collecting cases where moderate difficulties in prolonged standing or walking negated ALJ determination that plaintiff was capable of light work). Conversely, use of the term moderate will not be deemed too vague to constitute substantial evidence where the term is supported by objective medical findings. See *Reid v. Comm'r of Soc. Sec'y*, 18-CV-6042, 2019 WL 2250015 at *10-11 (W.D.N.Y. May 23, 2019).

In the instant case, Dr. Rosneberg's assessment of moderate limitations is not based upon objective medical findings such as, *inter alia*,  observation of plaintiff's capacity for exertion during examination of plaintiff or review of exercise stress tests or other medical records pertaining to plaintiff, but is instead based solely upon plaintiff's

report of shortness of breath with exertion. Such a foundation is  insufficient to support

a determination that plaintiff possesses the stamina for work at the light exertional level.

The ALJ afforded partial weight to the treating source opinion of Clifford

Pyne, a nurse practitioner at Great Lakes Cardiovascular. Dkt. #8, p.22. NP Pyne

completed a Cardiac Treating Medical Assessment on August 30, 2018, indicating that

he had been treating plaintiff since September 3, 2013 and that plaintiff had no

restrictions or impairments and was capable of high stress work based upon his normal

cardiac function and normal exam. Dkt. #10, pp.176-178. NP Pyne opined that plaintiff

could walk 8-10 blocks; stand/walk about 4 hours and sit at least 6 hours in an 8 hour

work day; frequently lift up to 20 pounds and rarely lift 50 pounds. Dkt. #10, p.179. NP

Pyne further opined that plaintiff could frequently twist, stoop, crouch, climb ladders and

climb stairs. Dkt. #10, p.179.

> Light work involves lifting no more than 20 pounds at a time
> with frequent lifting or carrying of objects weighing up to 10
> pounds. Even though the weight lifted may be very little, a
> job is in this category when it requires a good deal of walking
> or standing, or when it involves sitting most of the time with
> some pushing and pulling of arm or leg controls. To be
> considered capable of performing a full or wide range of light
> work, you must have the ability to do substantially all of
> these activities. If someone can do light work, we determine
> that he or she can also do sedentary work, unless there are
> additional limiting factors such as loss of dexterity or inability
> to sit for long periods of time.

20 C.F.R. § 404.1567(b). More specifically, the SSA has explained that "the full range

of light work require standing or walking, off and on, for a total of approximately 6 hours

of an 8-hour day." Social Security Ruling 83-10, 1983 WL 31251, at *6 (1983).  The ALJ

noted that NP Pyne limited plaintiff to standing or walking for no more than 4 hours in an 8-hour day, but determined that NP Pyne "did not assign proper rationale" for this limitation. Dkt. #8, p.22.

Because nurse practitioners were not included within the scope of acceptable medical sources at the time this claim was filed, the opinion of NP Pyne is not entitled to any particular weight under the regulations. *Genier v. Astrue,* 298 Fed. App'x 105, 108 (2d Cir. 2008); *Wider v. Colvin*, 245 F.Supp.3d 381, 389 (E.D.N.Y. 2017). However, the ALJ is required to evaluate evidence from such sources using the same factors applied to acceptable medical sources, *to wit:* consideration of the length, nature and extent of the treatment relationship and the frequency of examination; evidence in support of the opinion; the opinion's consistency with the record as a whole; and other relevant factors. *Evans v. Colvin*, 649 Fed. App'x 35, 39 (2d Cir. 2016).

In the instant case, NP Pyne is the nurse practitioner for plaintiff's cardiac specialist and NP Pyne's assessment of plaintiff's capacity for standing or walking is based upon a lengthy treatment relationship during which plaintiff underwent echocardiograms, an angiogram and placement of stents and a pacemaker. Dkt. #10, pp.176-180. The underlying treatment records include plaintiff's complaints of fatigue and discuss his poor physical conditioning and recommendations that plaintiff strive for 15-minute exercise sessions with a goal of 30-45 minutes daily. Dkt. #9, p.216 & Dkt. #10, pp.5-6, 38, 72. On  November 2, 2017, Dr. Khotari interpreted plaintiff's exercise stress test as borderline symptom-limited. Dkt. #10, p.38.

In contrast to NP Pyne's opinion, the ALJ determined that the overall record, including plaintiff's current work activity, supported a finding that plaintiff can stand or walk for up to 6 hours in an 8-hour day. Dkt. #8, p.22. In describing the overall evidence upon which she relied, the ALJ noted that plaintiff's hypertension was well controlled and objective medical findings were generally good, with normal physical examinations and denial of shortness of breath during a recent examination. Dkt. #8, p.22. The ALJ also noted that the plaintiff worked at the level of substantial gainful activity in 2015, although not in subsequent years. Dkt. #8, p.22.

While the ALJ's recitation of the medical record is accurate, nothing within the medical record contradicts NP Pyne's opinion that plaintiff is limited to 4 hours standing/walking in an 8 hour work day and the ALJ's independent evaluation of the medical record to conclude otherwise was error. *See Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) (ALJ cannot substitute his own lay opinion in place of established acceptable medical authorities or treating sources); *See, e.g., Correa v. Colvin*, No. 13-CV-2458, 2014 WL 4676513 (E.D.N.Y. Sept. 19, 2014) (substantial evidence lacking where no evidence demonstrated that plaintiff could sit for six hours per day as required to perform sedentary work). As a result, the matter must be remanded for further assessment and/or clarification of plaintiff's RFC.

## CONCLUSION

Based on the foregoing, plaintiff's motion for judgment on the pleadings (Dkt. #13), is granted in so far as plaintiff seeks remand and the Commissioner's motion

for judgment on the pleadings (Dkt. 16), is denied. The Clerk of the Court is directed to close this case.

**SO ORDERED.**

**DATED:**    **Buffalo, New York**
**February 9, 2021**

    **s/ H. Kenneth Schroeder, Jr.**
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**